# Devere *against* Loyd.

In an action to recover back purchase money paid for a tract of land, on the ground that the vendor had no title, having previously sold it to another, that other person is a competent witness for the plaintiff to prove the payment of the purchase money by him, and that he was in possession under his purchase.

ERROR to the common pleas of *Erie* county.

Cornelius Devere brought this action on the case against Benjamin Loyd, to recover back purchase money which he had paid Loyd for a tract of land, upon the allegation that he [Loyd] had previously sold it to James M'Kendria and received the purchase money from him, and that he was in possession.   To establish these facts, the plaintiff offered James M'Kendria as a witness, to whom the defendant objected on the ground of interest.   The court below sustained the objection; and this was the error assigned.

*Babbitt,* for plaintiff in error.
*Riddle,* contra.

PER CURIAM.—The objection to the competency of the witness assumes that his title under the purchase proposed to be proved by him, may be an unsound one; for if it be perfect in all respects, he can, in no wise, be prejudiced by the event of a controversy between the present parties.   Then taking it to be unsound, by what process would a recovery here operate to confirm it against the defendant, from whom it is supposed to be derived?   The plaintiff doubtless could not recover for himself, against the witness, after having disaffirmed his own title by a recovery in the present action.   But had the defendant not conveyed to the plaintiff, he certainly would not be estopped, by having suffered such a recovery, from asserting his

[Devere v. Loyd.]

original title against one who was not a party to the recovery, and therefore not entitled to have an advantage from it. How then would the defendant's title stand under the conveyance to the plaintiff? On recovering in this action, the latter would be bound in equity to reconvey; and though we could not, for want of the specific power of a court of chancery, compel him to do so, we could essentially produce the same result by sustaining an ejectment for the defendant's use in the plaintiff's name; in the trial of which the record of the present action would be incompetent to affect him. The testimony of the witness, therefore, could have no effect in confirmation of his own title; and it was error to reject him.

Judgment reversed, and a *venire de novo* awarded.